UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
UNITED STATES OF AMERICA,      :
      :      **<u>ORDER DENYING MOTION</u>**
      :      **<u>FOR RELEASE</u>**
   -against-      :
      :      18 Cr. 15 (AKH)
JOSEPH SABELLA,      :
      :
         Defendant.   :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

On February 12, 2019, Defendant Joseph Sabella pleaded guilty to one count of participating in a racketeering conspiracy in violation of 18 U.S.C. § 1962(d).  *See* Plea Tr., ECF No. 435, at 19-20.  Sabella, a member of the Bonanno Organized Crime Family,[1] admitted in his allocution that the conspiracy involved extortion, fraud, and assault.  *See id.*  I sentenced Sabella to 87 months' imprisonment, which was at the bottom of his Sentencing Guidelines range of 87-108 months, to be followed by three years' supervised release.  *See* Judgment, ECF No. 635.  On May 13, 2020, Sabella moved *pro se* for compassionate release pursuant to 18 U.S.C. § 3582(c), principally on the grounds that he suffers from a spinal condition that, he alleges, places him at greater risk of COVID-19 complications.  *See* Def. Mtn., ECF No. 683.  Because Sabella has not exhausted his administrative remedies, his motion is denied.

Section 3582 of Title 18 of the U.S. Code permits a court to reduce a term of imprisonment after considering the 18 U.S.C. § 3553(a) factors and finding that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1).  However, a court's authority to do so is limited by Section 3582, which provides that courts "may not modify a term

---

[1] The Bonanno Crime Family is "one of the five New-York based families of La Cosa Nostra (LCN), a nationwide criminal society that operates through local organizations known as families.  Each LCN Family is engaged in a wide variety of criminal activities, including murder, extortion, narcotics trafficking, labor racketeering, illegal gambling, loansharking, thefts and robberies, and the corrupt infiltration of legitimate businesses."  Presentence Investigation Report ("PSIR"), ECF No. 641, at ¶ 23.

of imprisonment once it has been imposed … except" upon motion of the Director of the Bureau of Prisons ("BOP") or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of [BOP] to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582.  Courts may not create exceptions to statutory exhaustion requirements.  *See, e.g., United States v. Battle*, 05 Cr. 377, 2020 WL 2306482, at *1 (S.D.N.Y. May 8, 2020) (collecting cases); *see also United States v. Roberts*, --- F.Supp.3d ---, 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020) ("It is well established that a court may not modify a term of imprisonment once it has been imposed except pursuant to statute.") (quotation marks and alteration omitted).

      "[S]ection 3582(c)'s exhaustion proscription is clear as day."  *United States v. Ogarro*, 18 Cr. 373, 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020).  The statute "mandates that where BOP has not submitted an application for a sentence reduction, a court cannot, under any circumstances, grant compassionate release unless the defendant has either 'fully exhausted all administrative rights to appeal' or waited at least 30 days from the receipt of such a request by the warden of the defendant's facility.'"  *Id*. (quoting 18 U.S.C. § 3582(c)(1)(A)).  As to whether the 30-day pause is too long, it is simply "not this Court's place to second guess Congress's policy determination."  *Id*. at *5.  Most courts in this district so hold, as does the Third Circuit Court of Appeals.  *See, e.g., Battle*, 2020 WL 2306482, at *1-2; *Roberts*, 2020 WL 1700032, at *1-2 ("statutory exhaustion requirements, such as those set forth in Section 3582(c), must be strictly enforced") (quotation marks omitted); *id.* at *2 (the "Court must abide by Congress's choice"); *United States v. Canale*, 17 Cr. 286, 2020 WL 1809287, at *1 (S.D.N.Y. Apr. 9, 2020); *United States v. Rabadi*, 13 Cr. 353, 2020 1862640, at *1-2 (S.D.N.Y. Apr. 14, 2020) (courts "are not free to rewrite the statutory text when Congress has barred complaints" pending

exhaustion) (quotation marks and alterations omitted); *United States v. Wright*, 17 Cr. 695, 2020 WL 1922371, at *1 (S.D.N.Y. Apr. 20, 2020) (noting that the "vast majority of district courts have also required exhaustion despite COVID-19 claims"); *see United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (the exhaustion requirement "presents a glaring roadblock foreclosing compassionate release at this point").

The government has "elected not to waive the exhaustion requirement," Gov't Opp., ECF No. 687, at 7 n.3, and Sabella has not fulfilled his exhaustion obligation, *see id*. at 5 (the Government has spoken with a representative of FCI Williamsburg, who has informed the Government that the institution has no record of the defendant requesting compassionate release or filing any administrative remedies"). Accordingly, Sabella's  motion is denied. Sabella may, as section 3582(c) provides "submit a request to the warden of [his prison]. If the warden denies his request, he must appeal to the appropriate BOP Regional Director and, if that appeal fails, to the BOP General Counsel before renewing his Motion. *See* 28 C.F.R. §§ 571.63(a), 542.15(a). Alternatively, if BOP takes no action within 30 days after receiving [Sabella's] request, he may" renew his motion before me. *Battle*, 2020 WL 2306482, at *2.

Sabella's motion for release (ECF No. 683) is denied for failure to exhaust his administrative remedies. The Clerk is hereby instructed to close the motion and further directed to mail this order to Sabella.

SO ORDERED.

Dated:      May 25, 2020                          _____/s/_____
            New York, New York                          ALVIN K. HELLERSTEIN
                                                        United States District Judge