UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
UNITED STATES OF AMERICA,

                      -against-

JOSEPH SABELLA,

                            Defendant.
------------------------------------------------------------- x

**ORDER DENYING MOTION TO VACATE**

18 Cr. 15 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

On February 12, 2019, Defendant Joseph Sabella pleaded guilty to one count of participating in a racketeering conspiracy in violation of 18 U.S.C. § 1962(d). *See* Plea Tr., ECF No. 435, at 19-22. Sabella, a member of the Bonanno Organized Crime Family,[1] admitted in his allocution that the conspiracy involved extortion, fraud, and assault. *See id.* I sentenced Sabella to 87 months' imprisonment, which was at the bottom of his Sentencing Guidelines range of 87-108 months, to be followed by three years' supervised release. *See* Judgment, ECF No. 635.

On July 16, 2020, Sabella moved *pro se* to vacate his sentence under 28 U.S.C. § 2255, principally on the grounds of ineffective assistance of counsel. *See* ECF Nos. 699, 701. On July 20, 2020, I ordered the Government to file a responsive pleading within thirty days, and provided Sabella with twenty days to thereafter file a reply. ECF No. 700. Subsequently, the Government informed the Court that, based on the motion papers, the testimony of Sabella's former counsel—Joseph Corozzo ("Corozzo")—would be required to allow the Government to respond to Sabella's claim of ineffective assistance. *See* ECF No. 702. Recognizing that Sabella had waived attorney-client privilege by pleading ineffective assistance, and that, absent court

---

[1] The Bonanno Crime Family is "one of the five New-York based families of La Cosa Nostra (LCN), a nationwide criminal society that operates through local organizations known as families. Each LCN Family is engaged in a wide variety of criminal activities, including murder, extortion, narcotics trafficking, labor racketeering, illegal gambling, loansharking, thefts and robberies, and the corrupt infiltration of legitimate businesses." Presentence Investigation Report ("PSIR"), ECF No. 641, at ¶ 23.

order or informed consent, ethical concerns could inhibit Corozzo from disclosing confidential information, I issued an order directing Sabella to execute and return to the Court—within 60 days—an "Attorney-Client Privilege Waiver (Informed Consent)" form. ECF No. 703. The order also provided that, "[i]f the document is not received by the court within 60 days from [July 30, 2020], the court will deny the § 2255 motion, on the ground that the movant failed to authorize the disclosure of information needed to permit the Government to respond to the motion." *Id.* at 2. Included with the order was an attachment containing the waiver form for Sabella to execute and return to the Court.

I have reviewed the docket entries for this case and find that Sabella has failed to submit the waiver as directed by the Court, and further, that more than 60 days have elapsed since the July 30, 2020 order. Accordingly, Sabella's motion to vacate is denied. The Clerk is respectfully directed to close the open motions at ECF Nos. 699 and 701.

SO ORDERED.

Dated:    November 2, 2020
          New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2